# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRIAN K. O'NEIL, II,

        Plaintiff,

v.

MAXWELL CARTER, GWEN CONNOLLY, FREDERICK C. ROSA, and FRED MEIER,

        Defendants.

Case No. 25-CV-1007-JPS

**ORDER**

### 1.   INTRODUCTION

In July 2025, Plaintiff Brian K. O'Neil, II ("Plaintiff"), proceeding pro se, sued Defendants Maxwell Carter ("Attorney Carter"), Gwen Connolly ("Judge Connolly"), Frederick C. Rosa ("Judge Rosa"),[1] and Fred Meier ("Meier") (together, "Defendants") for allegedly violating his constitutional rights. ECF No. 1. Plaintiff paid the filing fee for this action. *Id.*, docket notation. He additionally filed an "emergency motion" for temporary restraining order. ECF No. 2. This Order screens Plaintiff's complaint and, finding that it attempts to raise claims that the Court is barred from hearing under the domestic relations exception to federal jurisdiction, dismisses the case. Plaintiff's motion for a temporary restraining order will be denied as moot.

### 2.   SCREENING STANDARD

Notwithstanding the payment of any filing fee, the Court may screen a complaint and dismiss it or any portion thereof if it raises claims that are

---

[1] Attorney Carter, Judge Connolly, and Judge Rosa's positions are detailed below in Section 3.

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service . . . ." (citing *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999))); *Rowe*, 196 F.3d at 783 ("[D]istrict courts have the power to screen complaints filed by all litigants . . . regardless of fee status." (citations omitted)). Additionally, the Court may at any time dismiss a case that is outside of its subject matter jurisdiction. Fed. R. Civ. P. 12(h).

A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *see also Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997) (quoting *Neitzke*, 490 U.S. at 325). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more

than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Ashcroft*, 556 U.S. at 678) (internal bracketing omitted). A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

3. **FACTUAL ALLEGATIONS**

Plaintiff takes issue with two state divorce actions. ECF No. 1 at 1 (referencing case numbers 2024FA004011 and 2025FA001756); *In re the Marriage of Veronica O'Neil and Brian O'Neil II*, Case No. 2024FA004011 (Milwaukee Cnty. Cir. Ct. 2024), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2024FA004011&countyNo=40 (last visited July 29, 2025) (hereinafter the "2024 Action"); *In re the Marriage of Veronica O'Neil and Brian Keith O'Neil II*, Case No. 2025FA001756 (Milwaukee Cnty. Cir. Ct. 2025), *available at*

https://wcca.wicourts.gov/caseDetail.html?caseNo=2025FA001756&county No=40 (last visited July 29, 2025) (hereinafter the "2025 Action").[2]

Attorney Carter represented O'Neil's purported spouse in both actions. ECF No. 1 at 2; *see generally* 2024 Action and 2025 Action. O'Neil contends that he "never entered into a state-licensed marriage" with his purported spouse. ECF No. 1 at 2. Judge Connolly presided over the 2024 Action, which is now closed, and Judge Rosa is presiding over the 2025 Action, which is ongoing. *See generally* 2024 Action and 2025 Action.

Meier, a process server, made six attempts to personally serve O'Neil in the 2024 Action but was unsuccessful. ECF No. 1-2 at 2.[3] Judge Connolly dismissed the 2024 Action without prejudice for lack of jurisdiction, presumably for lack of service. 2024 Action, Mar. 18 and Mar. 21, 2025 docket entries.[4] Plaintiff later "demand[ed]" that the case be dismissed *with* prejudice. *Id.*, Mar. 20, 2025 and Apr. 9, 2025 docket entries. Judge Connolly scheduled a hearing on Plaintiff's motion, but Plaintiff did not appear. *Id.*, May 5, 2025 docket entry. Judge Connolly accordingly denied the motion

---

[2]The Court may take judicial notice of public records, including state court records. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

[3]The Court may consider "documents that are attached to the complaint[ and] documents that are central to the complaint and are referred to in it." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) (collecting cases). Plaintiff attached various filings from the 2024 Action and the 2025 Action to his complaint and references them extensively therein, so the Court cites to those attachments here.

[4]Despite Meier's unsuccessful attempts at personal service, Judge Connolly initially found that service on Plaintiff occurred by publication and was "timely and proper." 2024 Action, Mar. 18, 2025 docket entry; ECF No. 1 at 2 ("Judge[] Connolly stated on the record [that] the court had jurisdiction based on service by publication . . . ."); ECF No. 1-2 at 6 (affidavit of publication). But then she went off the record for several minutes and, after that time, concluded that the court lacked jurisdiction to hear the 2024 Action. 2024 Action, Mar. 18, 2025 docket entry. No information is available to the Court to explain this reversal.

for failure to prosecute, and the matter remained dismissed without prejudice. *See id.* Plaintiff says that he did not appear at the hearing because "proper service had not occurred . . . ." ECF No. 1 at 3. He argues that Judge Connolly "acted in excess of judicial authority" and violated his right to due process by declining to rule on the merits of Plaintiff's motion to dismiss the 2024 Action with prejudice. *Id.*

A few days after the 2024 Action was dismissed without prejudice, Attorney Carter refiled the same petition in the 2025 Action. 2025 Action, Mar. 25, 2025 docket entry. Meier made five unsuccessful attempts to personally serve Plaintiff before ultimately "leaving the papers on the driver[']s side windshield of [Plaintiff's] Tesla, while he was sitting in it" at his daughter's school. ECF No. 1-2 at 23. Plaintiff "refused to open the door or roll down his window to accept service." *Id.; id.* at 18; ECF No. 1 at 3 (noting that "service was rejected"). According to Plaintiff, Meier "did not confirm the party he attempted to serve." ECF No. 1 at 2; ECF No. 1-2 at 18. Plaintiff attempted to return the papers to Meier. ECF No. 1 at 3; ECF No. 1-2 at 18, 23. An altercation between Plaintiff and Meier ensued. ECF No. 1-2 at 18, 23. Meier represented to Judge Rosa that Plaintiff was served, *id.* at 23, but Plaintiff contests whether service was completed, ECF No. 1 at 3; ECF No. 1-2 at 19; and 2025 Action, June 5, 2025 docket entry. It does not appear that Judge Rosa has ruled on the matter of whether service on Plaintiff in the 2025 Action was proper.

Meanwhile in the 2025 Action, Carter, on behalf of Plaintiff's purported spouse, filed a "motion for [an] ex parte order regarding preservation of the marital estate and eviction attempts from respondent," i.e., Plaintiff, which Judge Rosa granted. 2025 Action, June 18 and June 20, 2025 docket entries.

Plaintiff now sues Carter, Judge Connolly, and Judge Rosa for "initiating and ruling on a family court matter without lawful jurisdiction." ECF No. 1 at 3. He further faults Judge Connolly for not granting his motion to dismiss the 2024 Action with prejudice and Judge Rosa for "systematically ignor[ing]" his motions and filings in the 2025 Action while promptly ruling on Carter's ex parte motion. *Id.* Additionally, he says Judge Rosa and Carter "attempted to deprive [him] of protected property rights" by issuing the ex parte order "without a lawful hearing, after jurisdictional rebuttals were on record." *Id.* at 4. He says that all of these actions violate his rights under the Due Process Clause of the Fourteenth Amendment. *Id.* at 3–4. He further sues Carter and Meier for harassment and retaliation under "[c]olor of [l]aw." *Id.*

For relief, he seeks a declaration that "the State of Wisconsin lacks jurisdiction over his person or property absent a valid, marital contract," as well as compensatory and punitive damages and "[i]njunctive relief to halt all related proceedings." *Id.* He also seeks an "emergency" temporary restraining order to enjoin further proceedings in the 2024 and 2025 Actions, to prohibit further attempts at service, and to "[p]revent enforcement of any orders based on defective service," including Judge Rosa's ex parte order. ECF No. 2 at 2.

4. **ANALYSIS**

Federal courts have jurisdiction over cases (1) that arise under the United States Constitution or federal law or (2) in which the parties are citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. §§ 1331 and 1332(a); U.S. CONST., Art. III, § 2. However, "the domestic-relations exception to federal jurisdiction blocks federal adjudication of cases involving 'divorce, alimony, and child custody

decrees.'" *Syph v. Arce*, 772 F. App'x 356, 357 (7th Cir. 2019) (quoting *Marshall v. Marshall*, 547 U.S. 293, 307–08 (2006)). "The domestic-relations exception stems from the Supreme Court's long-held understanding that the subject of domestic relations belongs to the laws of the States." *Merritt v. Grady*, No. 23-CV-16243, 2024 WL 3581915, at *2 (N.D. Ill. July 30, 2024) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)), *appeal dismissed on procedural grounds*, No. 24-2329, 2024 WL 5360954 (7th Cir. Oct. 2, 2024); *see also Syph*, 772 F. App'x at 357 ("'[S]tate courts are assumed to have developed a core proficiency in probate and domestic relations matters,' . . . and they can decide federal questions at the same time." (quoting *Sykes v. Cook Cnty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 741 (7th Cir. 2016) and citing *Jones v. Brennan*, 465 F.3d 304, 307 (7th Cir. 2006))). The domestic relations exception applies to both federal question and diversity suits. *Kowalski v. Boliker*, 893 F.3d 987, 995 (7th Cir. 2018) (citing *Allen v. Allen*, 48 F.3d 259, 262 n.3 (7th Cir. 1995); other citation omitted).

The Seventh Circuit has distinguished between claims challenging "action taken by the court and its officers in the course of adjudicating" a state domestic relations case, versus claims relating to a state domestic relations case but involving "outside actors who allegedly interfered in his case," finding that only the former supports application of the domestic-relations exception to federal jurisdiction. *Id.* at 996 (citing and distinguishing *Jones*, 465 F.3d 304). The domestic relations exception is primarily concerned with "prevent[ing] federal courts from 'disturb[ing] or affect[ing] the possession of property in the custody of a state court,'" *id.* (quoting *Marshall*, 547 U.S. at 311) (first bracket added), or otherwise "invalidat[ing] or modify[ing] orders entered by state courts in domestic-relations cases." *Merritt*, 2024 WL 3581915, at *2 (citing *Sheetz v. Norwood*,

608 F. App'x 401, 404 (7th Cir. 2015)). A plaintiff "principally attempting to litigate misconduct that occurred *outside* the state-court proceedings," such as a "failure of the defendants to report or otherwise end . . . alleged abuse," "can pursue those claims without asking to set aside the state court's orders." *Sheetz*, 608 F. App'x at 404.

Plaintiff's suit appears to "fall[] squarely within the domestic-relations exception." *Syph*, 772 F. App'x at 357. He takes issue with "action[s] taken by the court and its officers in the course of adjudicating" the two divorce actions, *Kowalski*, 893 F.3d at 996—namely, Judge Connolly and Judge Rosa's rulings (or inaction) in each action, Attorney Carter's refiling of the 2024 Action petition in the 2025 Action, and Meier's conduct while attempting to serve Plaintiff in the 2025 Action. He explicitly requests that this Court render a legal ruling that the State of Wisconsin "lacks jurisdiction over his person or property absent a valid, marital contract." ECF No. 1 at 4. In other words, he asks the Court to "invalidate or modify orders" entered in the 2024 Action (by changing the basis of the state court's dismissal of the case) or to preempt the state court from adjudicating the validity of his marriage in the 2025 Action. *Merritt*, 2024 WL 3581915, at *2 (citation omitted). Doing so would be outside of this Court's subject matter jurisdiction under the domestic relations exception. None of Plaintiff's allegations pertain to conduct "outside the state-court proceedings" as would permit the Court to hear his claims, *Sheetz*, 608 F. App'x at 404; the only out-of-court conduct that Plaintiff challenges are Meier's attempts at service, which were specifically in furtherance of the 2024 and 2025 Actions. The Court therefore cannot permit this case to proceed and must dismiss it. *See* Fed. R. Civ. P. 12(h).

There are additional problems with the complaint. First, Judge Connolly is likely protected from suit by judicial immunity. "Judges are not liable in civil actions for their judicial acts unless they have acted in the clear absence of all jurisdiction." *John v. Barron*, 897 F.2d 1387, 1391 (7th Cir. 1990) (citing *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978); *Dellenbach v. Letsinger*, 889 F.2d 755, 758 (7th Cir. 1989); and *Eades v. Sterlinske*, 810 F.2d 723, 725 (7th Cir. 1987)); *see also* 28 U.S.C. § 1915(e)(2)(B)(iii) (requiring dismissal of claims and cases "seek[ing] monetary relief against a defendant who is immune from such relief"). Judge Connolly dismissed the 2024 Action against Plaintiff for lack of jurisdiction, so the Court cannot conclude that she acted without jurisdiction—she herself concluded that she did not have jurisdiction over the case and acted accordingly by dismissing it without prejudice and then declining to rule on the merits of Plaintiff's post-dismissal motion once the case was out of her hands.[5] Second, with respect to the 2025 Action, ongoing "[p]roceedings related to granting a divorce, child support, or spousal maintenance are areas of 'significant state concern from which the federal judiciary should generally abstain under *Younger* [*v. Harris*, 401 U.S. 37 (1971)].'" *Ehlers v. Gallegos*, No. 16 C 5092, 2020 WL 43010, at *9 (N.D. Ill. Jan. 3, 2020) (quoting *Parejko v. Dunn Cnty. Cir. Ct.*, 209 F. App'x 545, 546 (7th Cir. 2006)). The doctrines of judicial immunity and *Younger* abstention would therefore bar the Court from hearing portions of Plaintiff's case.

Because the Court will dismiss this case for lack of subject matter jurisdiction, it will deny as moot Plaintiff's request for a temporary

---

[5]Because Plaintiff explicitly challenges the state court's jurisdiction in the 2025 Action and Judge Rosa has not yet adjudicated this matter, and because there are other bases for dismissal, the Court will not opine on whether Judge Rosa is protected by judicial immunity.

restraining order. ECF No. 2. The Court notes parenthetically that the motion seeks to "[p]revent enforcement of any orders based on defective service," *id.* at 2, which invites the Court to rule on the legal issue of whether Meier's service on him was proper. This is a question for the state court to determine in the first instance, and while it does not bear on the merits of the 2025 Action, if the Court were to rule on this question, it would affect the state court's ability to rule in the 2025 Action entirely. Plaintiff's request for an emergency temporary restraining order is therefore also barred by the domestic relations exception to federal jurisdiction.

Although courts generally must permit civil plaintiffs at least one opportunity to amend their pleadings, the Court need not do so where the amendment would be futile. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015) (citing *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)). Because the lack of federal subject matter jurisdiction is apparent on the face of the complaint and no amendment could fix this deficiency, allowing Plaintiff to amend the complaint would be futile.

5. **CONCLUSION**

For the reasons stated above, Plaintiff's case is subject to dismissal, and his request for injunctive relief must be denied as moot. Because the dismissal is primarily for lack of subject matter jurisdiction, it will operate without prejudice. *Lauderdale-El v. Indiana Parole Bd.*, 35 F.4th 572, 576 (7th Cir. 2022)

Accordingly,

**IT IS ORDERED** that Plaintiff Brian K. O'Neil, II's emergency motion for a temporary restraining order, ECF No. 2, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED without prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of July, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

<div style="color:red; border:1px solid black; padding:8px;">
This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.
</div>